FILED
United States Court of Appeals
Tenth Circuit

June 16, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STANIMIR GEORGIEV PAVLOV,
a/k/a Atanas Velichkov Yordanvo,

      Petitioner - Appellant,

v.

WARDEN SMELZER (sic), Crowley
County Correctional Facility;
JOHN W. SUTHERS, Attorney
General of the State of Colorado,

      Respondents - Appellees.

No. 11-1211
(D. Colorado)
(D.C. No. 1:10-CV-01723-PAB)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY***

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner and appellant Stanimir Georgiev Pavlov, proceeding *pro se*, seeks a Certificate of Appealability ("COA"), to enable him to appeal the dismissal of his 18 U.S.C. § 2254 petition. Concluding that he has not satisfied the requirements for issuance of a COA, we deny his request for a COA and dismiss this matter.

## BACKGROUND

Mr. Pavlov was convicted by a jury in Mesa County, Colorado, on charges of third-degree burglary and theft. In January 2007, he was sentenced to six years of imprisonment for the burglary charge and six months for the theft charge, to be served concurrently. On March 5, 2007, the Colorado Court of Appeals ("CCA") granted Mr. Pavlov an extension of time (until April 11, 2007) to file a notice of appeal. It appears he never filed one. Accordingly, on May 10, 2007, the CCA ordered the file to be closed. On April 23, 2007, Mr. Pavlov filed a motion for reconsideration of sentence, which the court denied on May 2, 2007. Mr. Pavlov did not appeal that denial.

On May 17, 2007, Mr. Pavlov filed a motion for postconviction relief under Colo. R. Crim. P. 35(c). He subsequently filed an addendum to the motion and a request for counsel. On August 14, 2007, the trial court ordered Mr. Pavlov to file his motion on the proper form, and denied his request for counsel "at this time." On September 26, 2007, Mr. Pavlov filed an order requesting more time.

On November 13, 2007, he filed a petition for postconviction relief. On January 3, 2008, the court denied Mr. Pavlov's motion for counsel and on January 7, 2008, the court denied his motion for postconviction relief. He did not appeal from that denial. Rather, on February 22, 2008, he filed a motion to obtain the original trial court record or a copy of the record, at the state's expense. The court denied his motion.

On March 10, 2008, Mr. Pavlov filed a motion for a new trial "pursuant to ineffective assistance of counsel." On April 7, 2008, he filed another motion for a new trial. A few days later, the motion for a new trial was denied, without any indication whether it was denying both motions, including the one for new counsel.

On April 21, 2008, Mr. Pavlov filed an amended motion for a new trial, which the court denied on April 22. It appears that Mr. Pavlov filed a notice of appeal on July 7, 2008. The CCA ordered him to show cause why the appeal should not be dismissed as untimely. The CCA affirmed. On June 21, 2010, the Colorado Supreme Court denied certiorari review.

Meanwhile, on June 6, 2008, Mr. Pavlov had filed an original proceeding in the Colorado Supreme Court, which that court denied on June 13.

On August 4, 2009, while his state postconviction appeal was pending, Mr. Pavlov filed a 28 U.S.C. § 2254 petition. This petition was dismissed for failure to exhaust state remedies. Mr. Pavlov did not appeal that dismissal.

On July 21, 2010, Mr. Pavlov timely submitted the instant § 2254 petition. On August 25, he cured a deficiency by filing an amended application that named the proper respondents. His petition alleged that (1) the State of Colorado lacked personal jurisdiction over him; (2) the State of Colorado lacked subject matter jurisdiction over his case; and (3) government officials and corrections officers involved in his case failed to present certain documents, including oaths of office, affidavits, and a surety and/or fidelity bond(s). On February 9, 2011, the district court issued an order dismissing the third claim as procedurally barred and directing the respondents to file an answer to the remaining claims.

On April 20, 2011, after consideration of the respondents' answers and Mr. Pavlov's replies, the district court issued an order dismissing the remaining claims, denying Mr. Pavlov's habeas petition, and dismissing the action with prejudice. Mr. Pavlov seeks a COA to enable him to appeal that dismissal.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make "a substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(internal quotation marks omitted). Thus, when the district court has ruled on the merits of the prisoner's claims, he must show that "reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

The district court began by carefully stating the standards applicable to a federal district court under the Antiterrorism and Effective Death Penalty Act ("AEDPA") when it reviews a state court decision. Thus, under AEDPA, when a petitioner has had a claim adjudicated, he may obtain federal review of the claim only if he can show the state decision was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Bunton v. Atherton, 613 F.3d 973, 977-78 (10th Cir. 2010). When the state court applies the correct law to deny relief, a federal habeas court may only consider whether the state court applied the federal law in an objectively reasonable manner. Bunton, 613 F.3d at 978-79. Finally, a "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The district court thereafter examined each of Mr. Pavlov's issues and carefully addressed them in light of the AEDPA standards. With respect to Mr. Pavlov's jurisdictional claims, the district court observed that the CCA "applied black-letter state law in analyzing Mr. Pavlov's jurisdictional claims." Order of Dismissal at 10, R. Vol. 1 at 288. We find nothing debatable or questionable in the district court's careful and thoughtful determinations. No jurist of reason would question the correctness of the district court's decision. Accordingly, we deny a COA and dismiss this matter.

## CONCLUSION

For the foregoing reasons, we DENY a COA, deny his motion to proceed *in forma pauperis,* and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge